# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOHN LAMAR KOLLE,**

      **Plaintiff,**

v.                                                   Civil Action 2:21-cv-984
                                                       Judge James L. Graham
                                                        Magistrate Judge Kimberly A. Jolson

**CHARLES KYLE, et. al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff John Lamar Kolle, an inmate at Franklin County Corrections Center ("FCCC"), who is proceeding *pro se*, filed his Complaint on March 2, 2021 (Doc. 1-1). This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1), and to conduct the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). Additionally, the Undersigned evaluates Plaintiff's Motion for Temporary Restraining Order. (Doc. 2).

Plaintiff's Motion to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen and for the reasons that follow, the Undersigned **RECOMMENDS** that Defendants Beathard, Bender, S. Smith, Munson, Plymale, Priece, Wolford, Carnely and Weade be **DISMISSED**. Further, consistent with this Report and Recommendation, the Undersigned **RECOMMENDS** Plaintiff be permitted to proceed with his remaining claims against the remaining Defendants. The Undersigned also **RECOMMENDS** that Plaintiff's Motion for Temporary Restraining Order (Doc. 2) be **DENIED**.

I.       **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1)–(2) (Doc. 1), the Motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's Motion reveals that he has an insufficient amount to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at FCCC is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

Additionally, the United States Marshals Service is **DIRECTED** to effect service of process by certified mail.

I. **BACKGROUND**

Plaintiff's Complaint asserts ten (10) causes of action against twenty-eight (28) Defendants. (*See* Doc. 1-1). These Defendants include: (1) Detective Sargent Charles Kyle; Detective Larry McGarvey; (3) Detective Trey Brown; (4) Detective Larry Witherspoon; (5) Sargent Ward; (6) Sargent Faughsnaugh; (7) Judge Steven Beathard; (8) Judge David Bender; (9) Detective Terry Phillips; (10) Detective Joseph Smith; (11) Detective J. Dillon; (12) Asst. Prosecuting Attorney Scott Smith; (13) Asst. Public Defender Sheryl Munson; (14) Prosecuting Attorney Thomas Plymale; (15) Corporal Nathan Triplett; (16) Sargent Wade Wellman; (17) Corporal Terry; (18) Asst. Public Defender Deborah Priece; (19) Detective Al Lewis; (20) Detective Strawser; (21) Prosecuting Attorney Judy Wolford; (22) Public Defender John Carnely; (23) Investigator Matt Cogleton; (24) Investigator Larel Anne Heinig; (25) Contract Employee Jason Nevel; (26) Sheriff Dallas Baldwin; (27) Major Turner; and (28) Prosecuting Attorney Jesse Weade. (*See* Doc. 1-2).

Against these Defendants, Plaintiff asserts the following claims: (1) 1st Amendment Retaliation; (2) Ineffective Assistance of Counsel; (3) Due Process; (4) Equal Protection; (5) Abuse of Process; (6) Abuse of Prosecutorial Discretion; (7) False Arrest; (8) Access to the Court; (9) Bad Faith Prosecution; and (10) Retaliatory Prosecution. (*See* Doc. 1-1).

Plaintiff alleges that after he exposed Defendant Nevel as a "confidential informant . . . on social media" he was subject to a number of retaliatory actions which lead to his allegedly false arrest and detainment. (*See* Doc. 1 at 5; *see also* Doc. 1-3 at 1). Specifically, Plaintiff asserts that Defendant Kyle and others "made an illegal[,] warrantless entry into [his] residence . . . and

unlawfully arrested [him]." (Doc. 1-1 at 5). Thereafter, Defendants allegedly "undertook a criminal prosecution in bad faith to harass [Plaintiff] and deprive [him] of [his] liberty in retaliation [for] the exercise of [his right] to free speech." (*Id*.). The Complaint goes on to detail two years of allegations wherein which the named Defendants engaged in a conspiracy which included: warrantless searches of Plaintiff's residence and property; perjured official statements; harassment; police misconduct; evidence tampering; and judicial and prosecutorial misconduct. (*See generally* Docs. 1-4, 1-5). Furthermore, Plaintiff alleges that he has filed numerous grievances during his detention at FCCC regarding the conditions of his confinement, all of which have allegedly been ignored. (Doc. 1-4 at 43). Similarly, Plaintiff alleges he been "denied access to the law library[,]" during his detention. (*Id*. at 44). The Complaint seeks monetary and injunctive relief. (*See* Doc. 1-2).

In a separate Motion, Plaintiff seeks a temporary restraining order. (Doc. 2). Plaintiff alleges such relief is warranted "due to [] continual and ongoing harassment and impedance of [his] access to the Courts." (*Id*. at 1). Based on this, and the allegations "clearly and concisely set forth in [his] § 1983 pleading[,]" Plaintiff requests "a temporary restraining order restricting [him] from being held in [FCCC]" and that the Court order him be "placed in the custody of the Fayette County Jail." (*Id*. at 4). Plaintiff's Motion is ripe for review.

**II.     STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting

4

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

### III. DISCUSSION

#### A. Immunity

As established, the Court must dismiss the complaint, or any portion of it, that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Judge Beathard, Judge Bender and Prosecuting Attorneys Scott Smith, Thomas Plymale, Judy Wolford and Jesse Weade are so immune.

##### 1. *Judicial Immunity*

Taking the factual allegations in the Complaint as true, Plaintiff's claims against Defendant Judges Bender and Beathard are barred by judicial immunity. Judicial immunity shields judges,

and other public officers, "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction. *Id*. at 11–12.

Plaintiff alleges that Defendant Judge Bender "knowingly and intentionally conspired" in issuing "an electronic communications interception search warrant . . . with the intention to harass Plaintiff and deprive him of his liberty . . . " (Doc. 1-5 at 3). But this allegation, does not lead to an inference that Defendant Judge Bender was acting outside of his judicial capacity when he issued the warrant. *See, e.g.*, *Nali v. Grosse Pointe Woods*, No. CIV. 04-10235-BC, 2005 WL 1050773, at *1 (E.D. Mich. Apr. 19, 2005) (holding that a municipal judge was immune from plaintiff's allegations that she conspired to and violated his civil rights when she signed a search warrant).

The same is true regarding Plaintiff's allegation of Defendant Judge Beathard's "bias" and his alleged "direct participation in the conspiracy to undertake a criminal prosecution in bad faith with the intent to harass [] Plaintiff and deprive him of his liberty . . ." (Doc. 1-5 at 25). Again, there are no facts in the Complaint from which the Court could infer that Defendant Judge Beathard acted in the absence of his jurisdiction. *See, e.g., King v. McCree*, 573 F. App'x 430, 441 (6th Cir. 2014) ("To the extent plaintiff may be alleging bias on the part of defendants that infected the fairness of their rulings and proceedings, plaintiff's allegations of bias or misconduct do not render the actions of defendants non-judicial.").

In sum, even construing the complaint in the light most favorable to Plaintiff, judicial immunity bars his claims against Defendant Judges Bender and Beathard. Accordingly, the Undersigned **RECOMMENDS** Defendants Bender and Beathard be **DISMISSED**.

*2. Prosecutorial Immunity*

Relatedly, Plaintiff's claims against Defendant Prosecuting Attorneys Scott Smith, Thomas Plymale, Judy Wolford and Jesse Weade are barred by prosecutorial immunity. Prosecutors are "absolutely immune from liability" for their actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotation marks omitted). "[A]bsolute immunity," however, "may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." *Id*. at 342 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 433 n.33 (1976)). "The analytical key to prosecutorial immunity is whether the actions in question are those of an advocate." *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 514 (6th Cir. 2019) (alteration, quotation marks, and citation omitted). "Whether the prosecutor has an improper motive, acts in bad faith, or even acts in an unquestionably illegal manner is irrelevant." *Id*. (citations omitted).

Upon review, there are no factual allegations in the Complaint from which the Court could draw the reasonable inference that Defendants S. Smith, Plymale, Wolford and Weade acted as anything other than "advocates" for the State. *See Red Zone 12 LLC*, 758 F. App'x at 514; *see also Huffer v. Bogen*, No. 1:10-CV-312-HJW, 2011 WL 5037209, at *5 (S.D. Ohio Oct. 24, 2011), aff'd, 503 F. App'x 455 (6th Cir. 2012) (quotation marks and citation omitted) (dismissing plaintiff's claims against prosecutors where allegations "fail[ed] to allege any facts outside of traditional prosecutorial functions"). Further, in so much as Plaintiff is alleging these Defendants

7

acted improperly or in bad faith (*see* Doc. 1-5), any such allegation is irrelevant. *See Red Zone 12 LLC*, 758 F. App'x at 514. Therefore, Plaintiff's claims against these Defendants are barred, and the Undersigned **RECOMMENDS** Defendants S. Smith, Plymale, Wolford and Weade be **DISMISSED**.

### B. Defendant Public Defenders

While they are not immune from suit, Plaintiff's claims against Sheryl Munson, Deborah Priece, and John Carnely must also be dismissed as they "fail to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2). To state a cause of action under § 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).

"Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings." *Warren v. Holland*, No. 4:08-cv-56-M, 2009 WL 1362296, at *4 (W.D. Ky. May 14, 2009) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")). As Defendants Munson, Priece, and Carnely cannot have been "acting under the color of state law[,]" Plaintiff's § 1983 claims against them must be dismissed.

To the extent Plaintiff is challenging his current detention due to the alleged ineffectiveness of his public defender(s), such a claim is not cognizable under § 1983. *Warren*, 2009 WL 1362296, at *4. "If Plaintiff desires to raise such a claim in federal court, he may do so by bringing a habeas action under 28 U.S.C. § 2254 after exhaustion of his state-court remedies." *Id*.

8

Accordingly, the Undersigned **RECOMMENDS** Defendants Munson, Priece, and Carnely be **DISMISSED**.

### C. Remaining Defendants

Given the foregoing recommendation dismissing the aforementioned Defendants, only six of Plaintiff's § 1983 claims remain. These claims include: (1) 1st Amendment Retaliation; (2) Due Process; (4) Equal Protection; (5) Abuse of Process; (6) False Arrest; and (7) Access to the Court. (*See* Doc. 1-1).

Accepting all well-pleaded factual allegations against the remaining Defendants as true, the Undersigned finds that Plaintiff's Complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). Accordingly, the Undersigned **RECOMMENDS** Plaintiff be permitted to proceed with his remaining claims against the remaining Defendants.

### D. Temporary Restraining Order

"The standard for addressing a motion for a temporary restraining order is the same as the standard applied to a motion for a preliminary injunction." *Ferron v. Search Cactus, L.L.C.*, No. 2:06-CV-327, 2007 WL 2110497, at *1 (S.D. Ohio July 13, 2007) (citation omitted). More specifically, the Court considers the following:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (citation and internal quotation marks omitted). "'While as a general matter, none of these four factors are given controlling weight, a preliminary injunction where there is simply no likelihood of success on the merits must be reversed.'" *Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x.

9

421, 425 (6th Cir. 2014) (quoting *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ); *see also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (noting that "a finding that there is simply no likelihood of success on the merits is usually fatal"). Further, the "proof required" to obtain a temporary restraining order "is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

The gravamen of Plaintiff's Motion appears to relate to his allegedly unlawful arrest and detainment, as well as the denial of his "right . . . to access the law library and legal materials" (*See* Doc. 2 at 2, 4). Based on the facts alleged, which generally mirror those in his Complaint, Plaintiff is "requesting a Temporary Restraining Order restricting [him] from being held in [FCCC]" and that the Court order him be "placed in the custody of the Fayette County Jail." (*Id*. at 4).

In so much as Plaintiff is seeking to be transferred from FCCC to the Fayette County Jail, he has not alleged facts sufficient to warrant such relief. As a general matter, a plaintiff "ha[s] no constitutional right to remain in a particular institution, and prison officials are afforded broad discretion in transferring inmates." *Rouse v. Caruso*, No. CIV 06-10961, 2007 WL 909583, at *5 (E.D. Mich. Mar. 23, 2007) (citation omitted); *see also Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) ("A prisoner has no inherent constitutional right to be housed in a particular institution or to enjoy a particular security classification."). The deference afforded to prison officials, counsels against the issuance of a temporary restraining order in this case.

Plaintiff has not established irreparable harm. "A temporary restraining order is an extraordinary remedy that generally is reserved for emergency situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice

10

itself may precipitate the harm." *Hacker v. Fed. Bureau of Pris.*, 450 F. Supp.2d 705, 710.  While Plaintiff may be entitled to equitable relief at some point, at this juncture "the drastic remedy of granting a temporary restraining order without reasonable notice and a response from the [State] is not justified." *Id*.

At base, considering that he has no right to be housed in a particular institution and the absence of irreparable harm, Plaintiff has not shown a likelihood of success on the merits.  *Rouse*, 2007 WL 909583, at *6.  And, "[a]lthough nothing in the record suggests that granting [injunctive relief] would cause substantial harm to others, the Court must be mindful of the cautions that apply to issuing an injunction that affects the operation of the prison system . . ." *Carter v. Mich. Dept. of Corrs.*, No. 12-cv-12621, WL 5291567, at *6 (E.D. Mich. Sept. 19, 2013).  These cautions "also show[] that the public interest would not be served by issuing the [temporary restraining order]." *Id*.  Accordingly, balancing all the applicable factors, the Undersigned **RECOMMENDS** Plaintiff's Motion for Temporary Restraining Order (Doc. 2) be **DENIED**.

### IV. CONCLUSION

Plaintiff's Motion to proceed *in forma pauperis* (Doc. 1) is **GRANTED**.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).  Having performed an initial screen and for the reasons that follow, the Undersigned **RECOMMENDS** that Defendants Beathard, Bender, S. Smith, Munson, Plymale, Priece, Wolford, Carnely and Weade be **DISMISSED**.  Furthermore, in line with this Report and Recommendation, the Undersigned **RECOMMENDS** Plaintiff be permitted to proceed with his remaining claims against the remaining Defendants. The Undersigned further **RECOMMENDS** that Plaintiff's Motion for Temporary Restraining Order (Doc. 2) be **DENIED**.

11

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: April 20, 2021

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE