IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN LAMAR KOLLE,** | |
| Plaintiff, | Case No. 2:21-cv-984 |
| v. | Judge James L. Graham |
| **CHARLES KYLE, et al.,** | Magistrate Judge Kimberly A. Jolson |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff John Lamar Kolle's objections (ECF No. 6) to the Report and Recommendation issued by Magistrate Judge Jolson on April 20, 2021 (ECF No. 3). Magistrate Judge Jolson recommends that Defendants Beathard, Bender, S. Smith, Munson, Plymale, Priece, Wolford, Carnely and Weade be dismissed. Magistrate Judge Jolson also recommends that Plaintiff be permitted to proceed with his remaining claims against the remaining Defendants. Magistrate Judge Jolson further recommends that Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) be denied.

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections (ECF No. 6) and **ADOPTS** the Report and Recommendation issued by Magistrate Judge Jolson (ECF No. 3).

## I. BACKGROUND

On March 9, 2021 Plaintiff, an inmate at the Franklin County Corrections Center ("FCCC") and proceeding without the assistance of counsel, filed his Complaint, asserting ten causes of action against twenty-eight Defendants. (ECF No. 1-1.) Plaintiff's numerous claims stem from his allegation that after publicly exposing Defendant Jason Nevel as a confidential informant and as someone who had threatened him, Plaintiff was subjected to an illegal entry into his residence, an

1

unlawful arrest, and bad faith prosecution to deprive him of his liberty in exercise of his free speech. (*Id.* at 12.) Plaintiff seeks monetary and injunctive relief

On March 29, 2021, Plaintiff filed a Motion for a Temporary Restraining Order (ECF No. 2), seeking relief "due to [] continual and ongoing harassment and impedance of [his] access to the Courts." (*Id.* at 122.) Plaintiff claims that because of this, and the allegations "clearly and concisely set forth in [his] § 1983 pleading[,]" he is pursuing "a temporary restraining order restricting [him] from being held in [FCCC]" and that the Court order him be "placed in the custody of the Fayette County Jail." (*Id.* at 125.)

On April 20, 2021, Magistrate Judge Jolson performed an initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and evaluated Plaintiff's Motion for Temporary Restraining Order. (ECF No. 3.) In her Report and Recommendation, Magistrate Judge Jolson recommended dismissal of several Defendants and the associated claims against them and denial of Plaintiff's Motion for Temporary Restraining Order.

Plaintiff timely filed his objections on May 10, 2021. (ECF No. 6.)

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). As required by 28 U.S.C. § 636(b)(1)(C), the Court will make a *de novo* review of those portions of the Report and Recommendation to which Plaintiff specifically objects.

### III. DISCUSSION

Title 28 U.S.C. §1915(e) requires the sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. *Grinter v. Knight,* 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. *See, e.g., Hill v. Lappin,* 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Bishop v. Lucent Techs., Inc.,* 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005).

#### A. Plaintiff's Objections

Plaintiff objects to Magistrate Judge Jolson's Report and Recommendation as follows: 1) Magistrate Judge Jolson's recommendation that Defendant Judge David Bender be dismissed, as Plaintiff's claims against him are barred by judicial immunity; 2) Magistrate Judge Jolson's recommendation that Defendant Assistant Prosecuting Attorney Scott Smith be dismissed, as Plaintiff's claims against him are barred by prosecutorial immunity; 3) Magistrate Judge Jolson's recommendation that Defendant Assistant Public Defender Sheryl Munson be dismissed as a defendant, as Plaintiff's claims against her fail to state a claim upon which relief can be granted;

3

4) Magistrate Judge Jolson's recommendation that Defendant Prosecuting Attorney Jesse Weade be dismissed due to prosecutorial immunity; and 5) Magistrate Judge Jolson's recommendation that Defendant Prosecuting Attorney Jody Wolford also be dismissed due to prosecutorial immunity.

Plaintiff simultaneously moves the Court to accept his objections as an amendment to his original Complaint. (ECF No. 6 at 286.)

Plaintiff states that he accepts and concurs with all other recommendations and orders contained within Magistrate Judge Jolson's Report and Recommendation. (*Id.*)

### 1. Judge Bender

Plaintiff's Complaint alleges that Judge Bender of the Fayette County Court of Common Pleas "unlawfully issued an electronic communications interception warrant pursuant to 18 U.S.C. [§] 2703(d)," because as a state court judge, he lacks jurisdiction or authority to issue such a warrant. (ECF No. 1-4 at 36.) Plaintiff further alleges that Judge Bender conspired with Defendant Detective Treg Brown to illegally obtain electronic communications evidence. (*Id.*)

Well-established Supreme Court precedent "acknowledges that, generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (collecting cases). Judicial immunity is not only immunity from the "ultimate assessment of damages," but it is also immunity from suit itself. *Id.* at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). A plaintiff may only overcome judicial immunity in two instances: 1) for actions taken outside of the judge's judicial capacity and 2) for actions, although "judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12.

Based on her initial screen of Plaintiff's Complaint, Magistrate Judge Jolson determined that even taking Plaintiff's alleged facts as true, Plaintiff has not alleged sufficient facts from which

4

the Court could infer that Judge Bender was acting outside of his judicial capacity when he issued the electronic communications search warrant. Magistrate Judge Jolson also determined that Plaintiff's allegations concerning Judge Bender's alleged "bias" and "conspiracy" do not support the inference that Judge Bender was acting in the absence of jurisdiction.

In his first objection, Plaintiff argues that Judge Bender lacked judicial capacity to issue an electronic communications warrant pursuant to 18 U.S.C. § 2703(d), as it is "a federal statute which specifically bars state court judges from issuing electronic communications interception warrant[s]." (ECF No. 6 at 281.) Plaintiff also argues that Detective Brown did not request the issued warrant pursuant to 18 U.S.C. § 2703(d) but instead requested the warrant be issued by Judge Bender pursuant to Ohio Rev. Code § 2933.21, and Judge Bender therefore could not fulfill the requested warrant, as Ohio Rev. Code § 2933.21 does not cover electronic communications content. (*Id.*) Plaintiff further objects that Judge Bender lacks jurisdiction to issue an electronic communications interception warrant in Overland Park, Kansas.

Section 2703 of the Stored Communications Act regulates government access to stored electronic communications. *See* 18 U.S.C. § 2703. Under § 2703(a), "A governmental authority may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication . . . pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction." Third-party service provider records are accessible by a court order upon proof of "specific and articulable facts showing . . . reasonable grounds to believe . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." *Id.* § 2703(d). Section 2703(d) permits a state court to issue an

order if it is not prohibited by state law. ("In the case of a State governmental authority, such a court order shall not issue if prohibited by the law of such State.")

Even construing Plaintiff's objections as an amendment to his Complaint and taking his allegations as true, Plaintiff still fails to allege sufficient facts to overcome judicial immunity. According to the search warrant attached to Plaintiff's objections, which will be treated as an attachment to Plaintiff's amended Complaint, Judge Bender issued the search warrant for electronic communications "pursuant to 18 U.S.C. section 2703(d)." (ECF No. 6-1 at 301.) Plaintiff, citing Ohio Rev. Code § 2933.21 and Detective Brown's attached affidavit submitted in support of his warrant application, states that an electronic communications search warrant falls outside § 2933.21 and therefore could not be fulfilled by Judge Bender. But this argument is irrelevant, as Judge Bender did not issue the search warrant pursuant to Ohio Rev. Code § 2933.21.

Instead, Judge Bender issued the warrant pursuant to 18 U.S.C. § 2703(d), which grants state court judges the authority to issue an order for disclosure of electronic communication relevant and material to an ongoing criminal investigation.[1] *Id.* Furthermore, there is nothing in Ohio Rev. Code § 2933.21, or Ohio law, which prohibits Judge Bender from issuing the warrant. *See United States v. Evans,* 2018 U.S. Dist. LEXIS 219506, *8–9 ("[T]he SCA does not require a *grant* of authority under state law but rather allows a state court to issue an order under § 2703 unless *prohibited* by state law.") (emphasis in original).

Lastly, Plaintiff also argues that as an Ohio state court judge, Judge Bender lacks jurisdiction to issue a warrant for electronic data located in Overland Park, Kansas. The Court disagrees, as the Stored Communications Act contemplates issuance of warrants for electronic

---

[1] The warrant was issued in the Court of Common Pleas, Fayette County, Ohio, which is a court of competent jurisdiction within the Stored Communications Act. *See id.* § 2703(b) (defining "court of competent jurisdiction" as "a court of general criminal jurisdiction of a State authorized by the law of that State to issue search warrants").

communication outside of the issuing judge's geographic jurisdiction. *See United States v. Ackies,* 918 F.3d 190, 202 (1st Cir. 2019) (finding that "Congress was clear that it intends to allow [] courts to permit searches under § 2703 beyond the courts' usual geographic jurisdictions.")  Judge Bender therefore did not lack jurisdiction to issue such a warrant.

As Plaintiff alleges no facts sufficient for the Court to infer that Judge Bender violated state warrant procedures, or that his actions did not comply with the Stored Communications Act, the Court finds that he was acting well within his judicial capacity when he issued the search warrant for electronic communications and is therefore entitled to judicial immunity.  Accordingly, Plaintiff's first objection is overruled.

### 2. Prosecuting Attorneys S. Smith, Weade, and Wolford

Plaintiff's second, fourth, and fifth objections all center on the argument that Prosecuting Attorneys S. Smith, Weade, and Wolford are not entitled to prosecutorial immunity for their actions, because they conspired to withhold evidence, and such actions bar their absolute immunity from suit.

"Absolute prosecutorial immunity . . . is a common law principle that shields a prosecutor from § 1983 liability."  *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)).  If prosecutors perform functions that are "intimately associated with the judicial phase of the criminal process," they are absolutely immune from civil suits.  *Imbler*, 424 U.S. at 430.  Whereas "investigative" or "administrative" functions are further removed from the judicial process and do not afford a prosecutor the protection of qualified immunity.  *Burns v. Reed*, 500 U.S. 478, 486 (1991).  The determining factor is "whether the actions in question are those of an advocate."  *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000).  Allegations of a prosecutor's "improper motive, acts in bad faith, or even acts in an

unquestionably illegal manner is irrelevant." *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 513-14 (6th Cir. 2019) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 341 (6th Cir. 2009)).

Magistrate Judge Jolson determined that Plaintiff's Complaint contains no factual allegations from which the Court could draw the reasonable inference that S. Smith, Weade, and Wolford and Weade acted as anything other than "advocates" for the State. (ECF No. 3 at 133.)

In his second, fourth, and fifth objections, Plaintiff argues that each of these Defendants willfully conspired to withhold and destroy evidence and were therefore not acting as "advocates" for the State. Even accepting Plaintiff's allegations as true, these allegations remain irrelevant, as Plaintiff continues to allege that these Defendants acted improperly or in bad faith and such allegations are not sufficient to overcome their entitlement to prosecutorial immunity from suit. *See Red Zone 12 LLC*, 758 F. App'x at 514 (citing *Imbler*, 424 U.S. at 431 & n.34 (holding that a prosecutor still enjoys immunity, even after presenting false evidence at trial); *Beckett v. Ford*, 384 F. App'x 435, 452 (6th Cir. 2010) (finding immunity applied to a prosecutor who threatened witnesses); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986) (determining that failing to disclose exculpatory information does not preclude a prosecutor from absolute immunity)). Plaintiff's second, fourth, and fifth objections are therefore overruled.

### 3. Assistant Public Defender Munson

Similarly, in his third objection, Plaintiff claims that Assistant Public Defender Munson conspired to destroy and fabricate evidence and is involved in an active conspiracy against him, and that he has therefore stated a plausible § 1983 claim for relief against her.

To state a plausible cause of action under § 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th

8

Cir. 2008) (citation omitted). "Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings." *Warren v. Holland,* No. 4:08-cv-56-M, 2009 WL 1362296, at *4 (W.D. Ky. May 14, 2009) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). *But see Tower v. Glover,* 467 U.S. 914, 920 (1984) (holding that a public defender acts under color of state law when conspiring with state actors).

Upon review of Plaintiff's original Complaint, Magistrate Judge Jolson determined that absent any alleged facts that Defendant Munson was acting outside of her role as a public defender, Defendant Munson could not have been "acting under the color of state law," and Plaintiff's § 1983 claim against her must therefore be dismissed. But in Plaintiff's objections, which he moves the Court to accept as an amended Complaint, Plaintiff now alleges that Munson conspired with state actors to violate his constitutional rights.

The Court nonetheless finds that Plaintiff's § 1983 claim against Munson fails, as Plaintiff has made only conclusory statements absent substantiating facts, such as what Munson allegedly did to further the conspiracy, and how this deprived Plaintiff of his constitutional rights. *See Twombly*, 550 U.S. at 556–57 (holding that, at the pleading stage, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"); *see also Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F. 3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").[2]

---

[2] Although the filings of a pro se litigant are construed liberally, a pro se party will not be relieved of the responsibility to comply with the basic rules of court. *McNeil v. United States,* 508 U.S. 106, 113 (1993).

9

As Plaintiff has failed to state a claim upon which relief can be granted, the Court agrees with Magistrate Judge Jolson's recommendation and overrules Plaintiff's third objection.

## IV. CONCLUSION

Upon *de novo* review, the Court **OVERRULES** Plaintiff's objections (ECF No. 6) and **ADOPTS** the Report and Recommendation issued by Magistrate Judge Jolson on April 20, 2021 (ECF No. 3).

Defendants Beathard, Bender, S. Smith, Munson, Plymale, Priece, Wolford, Carnely and Weade are **DISMISSED**, and Plaintiff is permitted to proceed with his remaining claims against the remaining Defendants. Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is **DENIED**.

**IT IS SO ORDERED**.

/s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: August 9, 2021