**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JOHN LAMAR KOLLE,

      Plaintiff,

v.                                 **Civil Action 2:21-cv-984
                                    Judge James L. Graham
                                    Magistrate Judge Kimberly A. Jolson**

CHARLES KYLE, et. al.,

      Defendants.

**REPORT AND RECOMMENDATION**

This matter is before the Court on the August 18, 2021, Order to Show Cause. (Doc. 23). For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to prosecute under Rule 41. Should the Court adopt this Recommendation, it is further **RECOMMENDED** that Defendants' Motions to Dismiss (Docs. 10, 13, 14, 17, 19) be **DENIED as moot**.

**I.    BACKGROUND**

The allegations in the Complaint all stem from a stop, arrest, charge, and indictments, which led to pending criminal charges against Plaintiff in Ohio and West Virginia. (*See generally* Doc. 4). The Court previously summarized Plaintiff's factual allegations:

> Plaintiff alleges that after he exposed Defendant Nevel as a "confidential informant . . . on social media" he was subject to a number of retaliatory actions which lead to his allegedly false arrest and detainment. (*See* Doc. 1 at 5; *see also* Doc. 1-3 at 1). Specifically, Plaintiff asserts that Defendant Kyle and others "made an illegal[,] warrantless entry into [his] residence . . . and unlawfully arrested [him]." (Doc. 1-1 at 5). Thereafter, Defendants allegedly "undertook a criminal prosecution in bad faith to harass [Plaintiff] and deprive [him] of [his] liberty in retaliation [for] the exercise of [his right] to free speech." (*Id*.). The Complaint goes on to detail two years of allegations wherein which the named Defendants engaged in a conspiracy which included: warrantless searches of Plaintiff's residence and property; perjured official statements; harassment; police misconduct; evidence tampering; and

> judicial and prosecutorial misconduct. (*See generally* Docs. 1-4, 1-5). Furthermore, Plaintiff alleges that he has filed numerous grievances during his detention at FCCC regarding the conditions of his confinement, all of which have allegedly been ignored. (Doc. 1-4 at 43). Similarly, Plaintiff alleges he been "denied access to the law library[,]" during his detention. (*Id.* at 44). The Complaint seeks monetary and injunctive relief. (*See* Doc. 1-2).

(*See* Doc. 3 at 3–4).

Along with his Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). On April 20, 2021, the Undersigned issued a Report and Recommendation and Order, granting Plaintiff's Motion to Proceed *in forma pauperis* and recommending Defendants Beathard, Bender, S. Smith, Munson, Plymale, Priece, Wolford, Carnely and Weade be dismissed. (*See generally* Doc. 3). The Court adopted that recommendation on August 9, 2021. (*See* Doc. 21). In the interim, a number of Defendants—including several the Undersigned recommended dismissing—moved to dismiss. (*See* Docs. 10, 13, 14, 17, 19). While each makes several different arguments in support of dismissal, they commonly argue that Plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine. (*Id.*).

Around this time, the summons Plaintiff issued for Defendants Matt Congleton, Laurel Anne Heinig and Larry Witherspoon were returned unexecuted. (*See* Docs. 12, 15). Accordingly, the Court ordered Plaintiff to execute service on these Defendants, or otherwise show cause why he is unable to, within twenty-one days. (*See* Doc. 18). The Court mailed a copy of the Show Cause Order to Plaintiff's address, but that copy was returned undeliverable. (*See* Doc. 22). The return-to-sender notice says that Plaintiff is no longer housed at Franklin County Corrections Center II ("FCCC"). (*Id.*). As *pro se* litigants have an obligation to keep the Court updated of any address changes, and Plaintiff had not notified the Court of any such change, the Court ordered Plaintiff to show cause why he had not updated his address nor responded to any of the pending Motions to Dismiss. (*See* Doc. 23). As of the date of this Report and Recommendation, Plaintiff

2

has not responded to either Show Cause Order, or any pending dispositive motion. And the time for doing so has long since passed.

## II. STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## III. DISCUSSION

At base, the Court finds Plaintiff has abandoned this action, and dismissal pursuant to Rule 41 is appropriate. While dismissal on these grounds alone is proper, the Court also briefly discusses Defendants' Motions to Dismiss.

3

    A. **Rule 41**

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded multiple opportunities to show cause why he has not participated in this lawsuit for the past three months, Plaintiff has remained silent. He has failed to respond to two different show cause orders (*see* Docs. 18, 23) and has not responded to any of the five pending Motions to Dismiss. The absence of any communication from Plaintiff indicates he has "a reckless disregard for the effect of his conduct on [the Court's] proceedings[,]" due to willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Second, a defendant is prejudiced whenever she has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here, given Plaintiff's prolonged absence, Defendants have not been able to conduct any discovery nor has Plaintiff responded to any of their respective Motions to Dismiss. In fact, several Defendants still have yet to be served given Plaintiff's failure to correct his deficient summonses. (*See* Doc. 18).

Finally, the third and fourth factors also weigh in favor of dismissal. The Court warned Plaintiff that failure to comply with its orders would result in a recommendation that his case be dismissed. (*See* Doc. 23). The Court appreciates that Plaintiff most likely did not receive the second Show Cause Order, but that is due to his failure to update his address. If Plaintiff reviewed the docket, he would see the clear warning that he risked dismissal. (*See id.*). "Additionally, the Court has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to participate in these proceedings." *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions

4

but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In sum, Plaintiff has acted willfully and in bad faith despite warning, and Defendants have suffered clear prejudice because of his conduct. Because lesser sanctions would be futile—because the Court has no way to contact Plaintiff—dismissal of this action is appropriate. *See Lee v. Glaxosmithkline*, LLC, No. 2:12–cv–02393, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause"). Accordingly, the Undersigned **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to prosecute pursuant to Rule 41.

Dismissal on these grounds alone is sufficient. However, for the sake of thoroughness, the Court briefly discusses the merits of Defendants' Motions to Dismiss. Specifically, the Court evaluates Defendants' common argument that Plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine. (*See generally* Docs. 10, 13, 14, 17, 19)

### B. Motions to Dismiss

Between June and August 2020, the following Defendants moved to dismiss: Defendants Plymale, Terry, Triplett, and Wellman (Doc. 10); Defendant Lewis (Doc. 13); Defendant Strawser (Doc. 14); Defendant Phillips (Doc. 17); and Defendants Bladwin, Dillon, Munson, J. Smith, S. Smith and Turner (Doc. 19). The time for Plaintiff to respond to each of these Motions has passed.

While each Motion makes several different arguments for dismissal, some of which pertain only to specific Defendants, each argues that Plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine. (Doc. 10-1 at 13–15; Doc. 13 at 3–8; Doc. 14 at 3–8; Doc. 17 at 3–8; Doc. 19 at 3–9). Specifically, these Defendants argue that Plaintiff cannot challenge matters pertaining to the investigation leading to his arrest and prosecution, while state criminal

5

proceedings are pending against him. (*See id*.). The Undersigned agrees.

Pursuant to the Supreme Court's ruling in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts "should abstain from deciding a matter that implicates pending state criminal proceedings." *Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2004). Abstention is appropriate where: "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989)). When these requirements are met, "the case should be dismissed or stayed unless plaintiff can show that one of the exceptions to *Younger* abstention applies." *Kanu v. City of Cincinnati*, No. 1:19-CV-156, 2019 WL 5577958, at * 3 (S.D. Ohio Oct. 29, 2019), report and recommendation adopted, No. 1:19CV156, 2020 WL 729797 (S.D. Ohio Feb. 13, 2020) (noting that "[t]he burden is on plaintiff to show an exception to *Younger* abstention applies."). These "narrow" exceptions include "bad faith, harassment, or flagrant unconstitutionality." *Goodwin v. County of Summit, Ohio*, 45 F. Supp. 3d 692, 701 (N.D. Ohio 2014).

First, it is clear that Plaintiff is currently involved in four pending state criminal proceedings. *See State of Ohio v. Kolle*, Case No. CRI 20190431 (Fayette Cnty. C.P. Nov. 19, 2019); *State of Ohio v. Kolle*, Case No. 19-CR-5114 (Franklin Cnty. C.P. Oct. 4, 2019); *State of Ohio v. Kolle*, Case No. 19-CR-0227B (Pickaway Cnty. C.P. Nov. 7, 2019); *State of Wester Virginia v. Kolle*, Case No. CC-50-2019-F-175 (Wayne Cnty. Cir Ct. Nov. 2019). While some of these cases have now progressed past trial, when Plaintiff filed the Complaint on March 9, 2021, each case was either pending trial or pending an appeal. "Because the criminal cases were pending at the time the instant action was filed, the first criterion of the *Younger* abstention analysis is

satisfied." (Doc. 13 at 6; *see also Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986) ("[T]he proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed.")).

Second, Defendants have sufficiently shown that these state proceedings involve an important state interest. In *Younger*, the Court determined that a state has an important interest in "enforcing [its] laws against socially harmful conduct that [] [it] believed in good faith to be punishable under its laws and the Constitution." *Younger*, 401 U.S. at 52. Here, as Defendants argue, both Ohio and West Virginia have an interest in combatting drug trafficking, drug possession and racketeering—crimes for which Plaintiff has been charged. *See Leveye v. Metro. Pub. Defender's Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45) (holding state criminal proceedings traditionally implicate an important state interest); *see also Ha v. Weber*, No. 1:07CV1788, 2007 WL 3146246 (N.D. Ohio Oct. 25, 2007) (holding that "punishing conduct proscribed by statute satisfies the important interest prong under *Younger*").

Third, these state proceedings afford Plaintiff an adequate opportunity to raise the constitutional claims he raises in the instant action. It is clear that the allegations in Plaintiff's Complaint relate to the investigation(s) which led to his indictments in each of his pending cases; specifically, his claims that there was no probable cause to enter his residence, that the investigation was illegal and retaliatory, that the search warrants were unlawful and that the Defendant officers and detectives abused their authority. (*See generally* Doc. 4). These pending state criminal proceedings, afford Plaintiff a more-than-adequate opportunity to challenge the constitutionality of Defendants' actions leading up to his arrest and detainment. *See Holden v. Cnty. of Saginaw*, No. 04-CV-10250-BC, 2005 WL 1028003 (E.D. Mich. Feb. 25, 2005), report and recommendation adopted, No. CIV. 04-10250-BC, 2005 WL 927508 (E.D. Mich. Apr. 19,

7

2005) (abstaining under *Younger* and recognizing that "the Supreme Court has noted the competence of state courts to adjudicate federal constitutional claims"); *see also Profit v. City of Shaker Heights*, No. 1:18-cv-1223, 2019 WL 315092, at *4 (N.D. Ohio Jan. 23, 2019) ("There is no allegation in the Complaint or other showing by [p]laintiff from which this Court could infer that he would be barred from raising in state court the constitutional claims he raises here."). Because Plaintiff's claims relate to state court criminal proceedings that remain pending, abstention under *Younger* is appropriate.

While the Supreme Court recognizes exceptions to *Younger* abstention under three circumstances, Plaintiff has the burden to show one of these exceptions applies. *Goodwin*, 45 F. Supp. 3d at 701. As Plaintiff has not responded to any of the pending Motions to Dismiss, he has failed to show any exceptions to *Younger* abstention apply. Accordingly, the Court's analysis ends here. At base, while the Undersigned recommends dismissing the Complaint on independent grounds, abstention under *Younger* would also be appropriate here.

### IV. CONCLUSION

The Undersigned **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to prosecute under Rule 41. Should the Court adopt this Recommendation, it is further **RECOMMENDED** that Defendants' Motions to Dismiss (Docs. 10, 13, 14, 17, 19) be **DENIED as moot**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination

of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date:  September 15, 2021    /s/ Kimberly A. Jolson
    KIMBERLY A. JOLSON
    UNITED STATES MAGISTRATE JUDGE