IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN LAMAR KOLLE,** <br><br> Plaintiff, <br><br> v. <br><br> **CHARLES KYLE,** *et al.,* <br><br> Defendants. | Case No. 2:21-cv-984 <br><br> Judge James L. Graham <br><br> Magistrate Judge Kimberly A. Jolson |

**ORDER**

This matter is before the Court for consideration of Magistrate Judge Jolson's September 15, 2021 Report and Recommendation (ECF No. 24), Plaintiff John Lamar Kolle's objections thereto (ECF No. 27), Defendants' responses to Plaintiff's objection (ECF Nos. 28-31), and Plaintiff's reply (ECF No. 32). Magistrate Judge Jolson recommended that Plaintiff's case be dismissed on two different bases. Magistrate Judge Jolson first recommended that Plaintiff's case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. Magistrate Judge Jolson additionally recommended dismissal of Plaintiff's case pursuant to *Younger v. Harris,* 401 U.S. 37 (1971) (the "*Younger* abstention doctrine"). Magistrate Judge Jolson further recommended that should the Court adopt her recommendation, that the Court deny Defendants' motions to dismiss (ECF Nos. 10, 13, 14, 17, and 19) as moot.

For the reasons set forth below, the Court **SUSTAINS** Plaintiff's objection concerning dismissal pursuant to Rule 41(b) (ECF No. 27), **OVERRULES** Plaintiff's reply objection concerning dismissal under the *Younger* abstention doctrine (ECF No. 32), and **ADOPTS IN PART** the Report and Recommendation issued by Magistrate Judge Jolson (ECF No. 24) recommending dismissal of this action for the reasons discussed in her *Younger* abstention doctrine

1

analysis and also denying Defendants' motions to dismiss (ECF Nos. 10, 13, 14, 17, and 19) as moot.

I. **BACKGROUND**

On March 9, 2021 Plaintiff, an inmate at the Franklin County Corrections Center II ("FCCCII") and proceeding without the assistance of counsel, filed his Complaint, asserting ten causes of action against twenty-eight Defendants. (ECF No. 1-1.) Plaintiff's numerous claims stem from what he alleges was done in retaliation of his exposure of Defendant Jason Nevel as a confidential informant on social media. (*See generally* Compl.) Plaintiff's Complaint centers on an alleged conspiracy resulting in an unauthorized, illegal investigation involving both Ohio and West Virginia. Plaintiff first claims that an alleged illegal entry and search of an Ohio residence was initiated for the purpose of executing an alleged illegal arrest. (*Id.* at 76.) Plaintiff then asserts that as part of the same widespread task force investigation, some of the Ohio Defendants conspired with the Wayne County West Virginia Drug Enforcement Unit to illegally obtain interception warrant evidence to execute an illegal stop, search, and seizure of Plaintiff in West Virginia. (*Id*. at 79.) Plaintiff also claims that Defendants fabricated, altered, and tampered with evidence. (*See id.* at 83–86, 89.) Plaintiff further claims that Defendants' goal was to undertake bad faith criminal prosecutions in Ohio and West Virginia for the purpose of harassing Plaintiff for exercising his constitutional right to free speech and depriving him of his liberty. (*See id.* at 76, 79.) In sum, the allegations in Plaintiff's Complaint relate to the combined investigation, which led to pending criminal charges and indictments in Franklin County, Ohio, Fayette County, Ohio, Pickaway County, Ohio and Wayne County, West Virginia.

As of March 9, 2021, Plaintiff had four pending state criminal proceedings in Ohio and West Virginia for crimes involving drug trafficking, drug possession, and racketeering. *See State*

*of Ohio v. Kolle,* Case No. CRI 20190431 (Fayette Cnty. C.P. Nov. 19, 2019); *State of Ohio v. Kolle*, Case No. 19-CR-5114 (Franklin Cnty. C.P. Oct. 4, 2019); *State of Ohio v. Kolle,* Case No. 19-CR-0227B (Pickaway Cnty. C.P. Nov. 7, 2019); *State of Wester Virginia v. Kolle,* Case No. CC-50-2019-F-175 (Wayne Cnty. Cir Ct. Nov. 2019). Though two of these cases have already resulted in convictions,[1] two of the cases remain pending in Ohio and West Virginia as of the date of this Order. *See State of Ohio v. Kolle*, Case No. 19-CR-5114 (Franklin Cnty. C.P. Oct. 4, 2019); *State of Wester Virginia v. Kolle,* Case No. CC-50-2019-F-175 (Wayne Cnty. Cir Ct. Nov. 2019).

On March 9, 2021, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1). On April 20, 2021, Magistrate Judge Jolson issued a Report and Recommendation and Order, granting Plaintiff's Motion to Proceed *in forma pauperis* and recommending that Defendants Beathard, Bender, S. Smith, Munson, Plymale, Priece, Wolford, Carnely and Weade be dismissed due to judicial and prosecutorial immunity and for failure to state a claim upon which relief can be granted. (ECF No. 3.) The Court adopted that Report and Recommendation on August 9, 2021 and dismissed Defendants Beathard, Bender, S. Smith, Munson, Plymale, Priece, Wolford, Carnely and Weade from the case. (ECF No. 21.)

While Magistrate Judge Jolson's April 20, 2021 Report and Recommendation was pending, several Defendants moved to dismiss this case, arguing that Plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine. (*See* ECF Nos. 10, 13, 14, 17, and 19.) Additionally, the summons Plaintiff issued for Defendants Congleton, Heinig, and Witherspoon were returned unexecuted. (ECF Nos. 12, 15.) The Court ordered Plaintiff to execute service on these Defendants, or otherwise show cause why he is unable to, within twenty-one days. (ECF No. 18.) The first show cause order mailed to Plaintiff's address was returned undeliverable and

---

[1] *See State of Ohio v. Kolle,* Case No. CRI 20190431 (Fayette Cnty. C.P. Nov. 19, 2019); *State of Ohio v. Kolle,* Case No. 19-CR-0227B (Pickaway Cnty. C.P. Nov. 7, 2019).

indicated Plaintiff was no longer at that address. (ECF No. 22.) The Court then ordered Plaintiff to show cause as to why he failed to update his address and also why he had not responded to any of the pending motions to dismiss. (ECF No. 23.) Plaintiff failed to respond.

On September 15, 2021, Magistrate Judge Jolson issued the instant Report and Recommendation. As Plaintiff had not responded to either of the show cause orders issued or Defendants' pending dispositive motions as of that date, Magistrate Judge Jolson recommended dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to prosecute. Though Magistrate Judge Jolson found that dismissal on these grounds alone was sufficient, she also evaluated whether Plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine. Magistrate Judge Jolson determined that abstention is appropriate in the case at bar because Plaintiff is currently involved in pending state criminal proceedings, that these state proceedings involve an important state interest, and that the state proceedings afford Plaintiff an adequate opportunity to raise the constitutional claims he raises in the instant action. Magistrate Judge Jolson further concluded that Plaintiff has failed to show that any of the *Younger* abstention doctrine exceptions apply.

On October 4, 2021, Plaintiff timely filed an objection to the Report and Recommendation, arguing that dismissal for failure to prosecute pursuant to Rule 41(b) is inappropriate, because: 1) he has never changed his address and remains incarcerated at the FCCCII and 2) never received the motions to dismiss or the Court's show cause orders. (ECF No. 27.)

Thereafter, Defendants filed responses to Plaintiff's objection. (ECF Nos. 28-31.) While Defendants submit that dismissal is appropriate under Rule 41(b), they emphasize that dismissal is warranted under the *Younger* abstention doctrine, which Plaintiff failed to object to, as Plaintiff has two active criminal cases pending in Ohio and West Virginia. (*See id.*) Defendants insist that

4

Plaintiff's criminal case is the appropriate forum for his constitutional claims, especially with the assistance of appointed counsel. (*Id.*)

On November 1, 2021, Plaintiff filed a reply brief to his objection, reiterating that he did not receive any of the motions to dismiss or show cause orders via mail, and that his failure to respond was not due to willfulness, bad faith, or fault. (ECF No. 32.) For the first time, Plaintiff also objected to Magistrate Judge Jolson's *Younger* abstention doctrine analysis and argued that abstention is not appropriate here, as his claims of official harassment and bad faith constitute an exception. (*See id.* at 630.)

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). As required by 28 U.S.C. § 636(b)(1)(C), the Court will make a *de novo* review of those portions of the Report and Recommendation to which Plaintiff specifically objects.

## III. DISCUSSION

### A. Whether Dismissal is Appropriate under Rule 41(b)

Plaintiff timely objected to Magistrate Judge Jolson's recommendation that his case be dismissed pursuant to Rule 41(b), and the Court sustains his objection.

Under Rule 41(b), the Court has the inherent power to dismiss a case for a party's failure to prosecute, but it "is a harsh sanction which the court should order only in extreme situations." *Tung-Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (cleaned up). In deciding

whether to dismiss an action for failure to prosecute under Rule 41(b), district courts in this circuit consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.
>
> *Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT&T,* 176 F.3d 359, 363 (1999)).

Though no one factor is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer,* 529 F.2d at 737 (quoting *Knoll,* 176 F.3d at 363). Contumacious conduct is behavior that is "'perverse in resisting authority' and 'stubbornly disobedient.'" *Schafer,* 529 F.3d at 737 (quoting Webster's Third New International Dictionary 497 (1986)). It is also conduct demonstrating "[a] willful disobedience of a court order." (Black's Law Dictionary, 11th ed. 2019). Plaintiff's "conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Carpenter v. City of Flint,* 723 F.3d 700, 704–05 (6th Cir. 2013) (cleaned up).

The conduct at issue here includes Plaintiff's failure to respond to Defendants' motions to dismiss and the Court's two show cause orders. Plaintiff argues that since he never received any of the motions to dismiss or show cause orders in the mail, his failure to respond was not due to willfulness, bad faith, or fault. The Court agrees.

The circumstances in this case are not sufficiently egregious to warrant the harsh sanction of dismissal under Rule 41(b). Though at the time the Report and Recommendation was issued, Plaintiff's inactivity seemingly indicated that Plaintiff had abandoned his case, Plaintiff's

subsequent filings now indicate otherwise. As Plaintiff's behavior does not constitute contumacious conduct, the Court finds that dismissal pursuant to Rule 41(b) is inappropriate.

### B. Whether Dismissal is Appropriate Under the *Younger* Abstention Doctrine

Pursuant to the Supreme Court's ruling in *Younger v. Harris,* 401 U.S. 37 (1971), a federal court must abstain from interfering with pending state proceedings involving important state interests unless extraordinary circumstances exist. *Id.* at 44–45. The *Younger* abstention doctrine applies when a state court proceeding: "(1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998) (citing *Middlesex Cty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

The first factor is easily met here, as it is undisputed that Plaintiff has pending state criminal proceedings in Ohio and West Virginia.

Turning to the second factor, the Sixth Circuit has determined that "punishing conduct proscribed by statute" involves an important state interest. *Miskowski v. Peppler,* 36 F. App'x 556, 557 (6th Cir. 2002). Here, Plaintiff is facing indictments in Ohio and West Virginia for violations of each state's criminal statutes. Moreover, Ohio and West Virginia each have an important state interest in "enforcing [its] laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution." *Younger,* 401 U.S. at 52. As Ohio and West Virginia each have an important "interest in 'carrying out the important and necessary task' of enforcing its criminal laws," the Court finds that the important state interest prong is met here. *New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 365 (1989) (quoting *Younger,* 401 U.S. at 51–52).

7

As to the third factor, the Court finds that Plaintiff is afforded an adequate opportunity to raise his constitutional claims in the pending state proceedings. As the Supreme Court articulated in *Middlesex,* "[m]inimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights." 457 U.S. at 431 (emphasis in original). Furthermore, Plaintiff was appointed counsel in each of his criminal cases, who can now assist him in pursuing his constitutional claims. Throughout his Complaint, Plaintiff alleges violations of free speech, due process, and equal protection of the laws relating to the investigation, which resulted in his state indictments, and there are "no allegations in the Complaint or other showing by Plaintiff from which this Court could infer that he would be barred from raising in state court the constitutional claims he raises here." *Profit v. City of Shaker Heights,* 1:18-cv-1223, 2019 WL 315092, at *4 (N.D. Ohio Jan. 23, 2019) (citing *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (finding that it is plaintiff's burden to demonstrate that state procedural law bars presentation of his claims) (citation omitted).

Abstention is therefore appropriate here unless Plaintiff can demonstrate that one of the three *Younger* abstention doctrine exceptions applies. *Miskowski*, 36 F. App'x at 557–58. The three exceptions are: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions[,]" *Moore v. Sims,* 442 U.S. 415, 424 (1979) (quotation omitted); or (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant,* 421 U.S. 117, 125 (1975).

Plaintiff repeatedly alleges throughout his Complaint that the state proceedings against him were intended to harass him with the purpose of undertaking a criminal prosecution in bad faith. But when *Younger* issues are raised, "a plaintiff may not rely on the conclusory allegations of [his]

8

complaint but instead must come forth with specific evidence affirmatively demonstrating the applicability of the *Younger* exceptions and justifying the extraordinary remedy of federal court interference with ongoing state proceedings." *Sica v. Connecticut,* 331 F. Supp. 2d 82, 86 (D. Conn. 2004); *see also* Kirschner v. Klemons*,* 225 F.3d 227, 236 (2d Cir. 2000) ("Mere conclusory allegations . . . are insufficient to overcome *Younger*—a plaintiff seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception.") Plaintiff has not made such a showing here, and his conclusory allegations of bad faith and harassment are not enough to overcome the application of the *Younge*r abstention doctrine.

As all three *Younger* abstention requirements are met here, and Plaintiff has not shown that any of the exceptions apply, the Court will abstain from exercising jurisdiction and dismiss this case. *See Fieger v. Thomas,* 74 F.3d 740, 750 (6th Cir. 1996) (finding that dismissal is appropriate when the three *Younger* abstention doctrine requirements are met, and plaintiff cannot demonstrate an applicable exception).

**IV.    CONCLUSION**

Upon *de novo* review, the Court **SUSTAINS** Plaintiff's objection concerning dismissal pursuant to Rule 41(b) (ECF No. 27), **OVERRULES** Plaintiff's reply objection concerning dismissal under the *Younger* abstention doctrine (ECF No. 32), and **ADOPTS IN PART** the Report and Recommendation issued by Magistrate Judge Jolson (ECF No. 24) recommending dismissal for the reasons discussed in her *Younger* abstention doctrine analysis. As a result, Defendants' motions to dismiss (ECF Nos. 10, 13, 14, 17, and 19) are **DENIED** as moot.

This action is hereby **DISMISSED**, and the Clerk is instructed to close the case.

**IT IS SO ORDERED**.

          <u>/s/ James L. Graham</u>
          JAMES L. GRAHAM
          United States District Judge

DATE: December 8, 2021